The matter is remitted to the transfer tax appraiser for a reappraisal. The condition and *value* of the property at the time of the exercise of the power should determine its liability to the tax. Matter of Dows, supra. The appraiser should fix the value of the transfer as of January 23, 1911, deducting, of course, the value of the life estate of John G. Wendel, which was derived from the will of his father before the passage of any collateral inheritance tax law.

Decreed accordingly.

---

(95 Misc. Rep. 475)

### In re SQUIBB'S ESTATE.

(Surrogate's Court, Kings County.    May, 1916.)

1. HUSBAND AND WIFE ⬿49½(8)—GIFTS—SAFE DEPOSIT BOX.
   Where a husband and wife rented a safe deposit box, they became tenants in common of the lease; but securities which were the separate property of each and were placed therein remain the property of the spouse placing them in the box, unless the ownership be changed by contract.

   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 251, 254, 257; Dec. Dig. ⬿49½(8).]

2. HUSBAND AND WIFE ⬿49½(5)—GIFTS—WHAT CONSTITUTES.
   A husband and wife rented a safe deposit box, and each placed individual securities therein. At the death of the wife, there were found securities in the box, originally belonging to the husband, which were in an envelope, indorsed that the contents, "life insurance bonds," were the property of the wife. *Held* that, without proof of delivery of bonds to the wife and her acceptance thereof, for the purpose of making a present gift, the ownership of the bonds remained in the husband, and were not subject to a transfer tax as part of the wife's estate.

   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 252; Dec. Dig. ⬿49½(5).]

In the matter of the appraisal, under the acts in relation to taxable transfers of property, of the estate of Mrs. E. H. Squibb. From an order assessing and fixing the transfer tax, Graves S. Squibb appeals. Appeal sustained.

George S. Ingraham, of Brooklyn, for appellant.
Marcus B. Campbell, of Brooklyn, for respondent state comptroller.

KETCHAM, S. [1] Where husband and wife together rent a safe deposit·box, and each deposits therein securities which are the separate property of the depositor, no suggestion is thereby supplied, either of gift or joint ownership. They own the lease of the box in common, and not by joint tenancy. Securities placed by one of them in the box remain his or her property, unless ownership be changed by some contractual act.

In this case there was a box in which, upon the death of the wife, there were found securities which concededly belonged to her, and other securities which originally belonged to the husband. The comp-

troller claims that these securities, once the husband's, are a part of the wife's estate.

It will be for a moment assumed, but without conviction, that the husband and wife were together the lessees of the box. There is no basis for a finding that there was joint ownership as to any of the contents of the box. None can be derived from the joint use of the depository. Matter of Brown, 86 Misc. Rep. 187, 149 N. Y. Supp. 138, affirmed 217 N. Y. 621, 111 N. E. 1085. This was the effect of the case cited supra, in which the facts were largely more suggestive of an understanding between the parties that survivorship should be the result. Indeed, if there were joint ownership solely by reason of the lease, the only effect would be that all the contents would now belong to the husband.

[2] Unless, then, a gift by the husband be shown, there is no basis for any tax. A gift causa mortis is excluded. The only evidence upon which it is argued that a gift was made is contained in the fact that the husband's securities were kept in the repository in an envelope indorsed, in his handwriting:

"Life insurance bonds, property of Mrs. E. H. Squibb."

Without proof of delivery to the wife and acceptance by her, both for the purpose of making a present gift, the ownership of the bonds in the envelope remains to this day in the husband. No such evidence is supplied by the legend which he put upon the envelope.

The appeal is sustained.