In the Matter of the Estate of EMANUEL GREEN VALVERDE, Deceased.*

Surrogate's Court, Kings County, June 10, 1933.

*Affd. on reargument, 148 Misc. 347.

*Thomas A. McDonald*, for Cathryne Cornell, administratrix c. t. a.

*Philip Cooper*, for William J. Colker.

WINGATE, S. The facts pertinent to the decision of the question at bar are stipulated. The decedent, Emanuel Valverde, and his wife, Hattie, died in a common disaster on October 26, 1930, in the sinking at sea of the steamship *Barbadoes*, and the survivorship, as between them, is unascertainable. Emanuel's life was insured in two policies of the Mutual Life Insurance Company, each in the sum of $5,000. These policies both provided that the company " will pay to the Insured's wife, Hattie Valverde, the Beneficiary, Five thousand Dollars, upon due proof of the death of Emanuel G. Valverde, the Insured." The policy also contains the following under " Section 12, Miscellaneous Provisions:"

" The interest of any beneficiary who dies before the insured shall vest in the Insured unless otherwise provided in this Policy."

The policy, under the same section, contains the following:

" The contract. This Policy and the application, copy of which is attached, constitute the entire contract."

The attached application, which is signed by the insured, contains the following:

" 11. Unless otherwise herein specified policy will be payable to Beneficiary, if living, if not living Insured's Estate.

" (a) Name (in full) of Beneficiary. If a corporation give head office and state of incorporation. *Hattie Valverde.*

" (b) P. O. Address, *same as assured.*

" (c) Relationship to the Insured or Insurable Interest. *Wife.*"

In the foregoing the italicized words are pen-written, apparently in the handwriting of the deceased. The application bears date two days previous to that of the policy itself.

The same person was appointed administratrix of the estates, both of the husband and wife, and received two checks from the insurance company in payment of the losses under the two policies. Both were made payable to her as administratrix of both estates. She indorsed them in both capacities and deposited both in the funds of the estate of the wife. The present issue arises upon an objection by a creditor of the husband, to the effect that she has failed to account in the husband's estate for all assets which came into her hands as administratrix of his estate.

The turning point in the decision of the rights of the parties lies in the interpretation of the two quoted clauses, respecting a substitution of payees, contained in the application and the policy. That they are not coextensive is obvious. In the application the provision is that the policy is payable to the " Beneficiary, if living." This language, therefore, imposes a condition precedent upon the recovery by any person standing on the right of the beneficiary that a demonstration be made to the effect that such condition has met with compliance, namely, that she was living at the death of the assured. This is the exact language of the policy considered in *McGowin* v. *Menken* (223 N. Y. 509, 511), which presents a perfectly logical exposition of the effect of such a condition precedent as well as being an authority binding on this court in any event, to the effect that under such a contract the named beneficiary or one claiming through her, possesses no right of recovery, unless it be demonstrated that she was living when the assured died.

The language of the policy differs materially from that of the application, in that it provides that " the interest of any beneficiary who dies before the insured shall vest in the insured." With all due deference to the majority opinion in *Dunn* v. *New Amsterdam Casualty Co.* (141 App. Div. 478), this court is much more impressed with the exposition of the minority opinion, which holds that under such a wording, as was found in the policy in that case and with

which that in the policy at bar corresponds, the right of the beneficiary was conditionally vested or, to use the alternative phrase, vested subject to being divested, and would continue until the happening of the divesting condition, namely, her death " before the insured," was demonstrated. Under this provision, it would seem to be a logical conclusion to hold that the burden of demonstrating the happening of the divesting condition would be upon him who could succeed only if such divestment by prior death had occurred.

It is, of course, primary that a contract of insurance is to be interpreted like any other contractual document, and that when properly incorporated therein, the application forms an integral part thereof. (*Studwell* v. *Mutual Benefit Life Assn.*, 29 J. & S. 287; affd., 139 N. Y. 615; *Greenwich Bank* v. *Hartford Fire Ins. Co.*, 222 App. Div. 219; affd., 250 N. Y. 116.) (See, also, *Donley* v. *Glens Falls Ins. Co.*, 184 N. Y. 107, 111.)

In view of the apparent divergence in legal results of the two clauses noted, the most that can be said in favor of the position of the administratrix is that there is an ambiguity in the contract.

Where an ambiguity exists in a contract of insurance, it is apparently the law that that construction will be favored which represented the understanding of the assured. On this subject, though in a different connection, the court says in *Nellis* v. *Western Life Indemnity Co.* (207 N. Y. 320, at p. 332): " When a person accepts insurance upon terms so written in the policy by the insurer, either intentionally or otherwise, as to be calculated to deceive, and in such ambiguous language that it is possible to construe them in more than one way, a construction in favor of the understanding of the insured, at the time the policy was taken, should be sustained."

The application of this principle would result in giving predominating effect to the devolution of the proceeds indicated in the document which was actually the act of the insured; which he signed and presumably understood.

The same result would be attained by an application of the principle that " if two clauses are repugnant and cannot stand together, the first will stand and the last will be rejected." (*Pittsburg & Shawmut R. R. Co.* v. *Central Trust Co.*, 156 App. Div. 182, 189.)

The accountant has mistaken the location of the burden in respect to an explanation of her failure to include in her account the proceeds of the two checks for the insurance payments which were made payable to her in her capacity of administratrix of this estate as well as of that of the wife. It being admitted that she

received this $10,000 in her representative capacity, the duty rests upon her of exculpating herself for its omission as a debit item in her account. (*Matter of Taber*, 30 Misc. 172, 181; affd., 54 App. Div. 629; *Matter of Brown*, 86 Misc. 187, 189; affd., 167 App. Div. 912; affd., 217 N. Y. 621; *Matter of Gentry*, 139 Misc. 759, 764.) (See, also, *Matter of Wanner*, 146 Misc. 722, 725.) The demonstration of this receipt by her would at least subject her to the burden of going forward with an adequate explanation for its non-production.

On the authorities and for the reasons stated, it must be determined that the proceeds from these policies constituted an asset of this estate. The objection is, therefore, sustained.

Proceed accordingly.