## Wohleber's Estate.

Argued October 14, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

84

*John D. Meyer*, with him *A. B. Angney*, for appellant.

*John A. Metz*, with him *Leonard Shapiro* and *John A. Metz, Jr.*, for appellee.

OPINION BY MR. JUSTICE DREW, November 25, 1935:

Alphonse Wohleber, who died testate on January 2, 1930, was survived by his wife, Caroline, and seven children. By his will he bequeathed the residue of his estate, after his wife's death, to "all of [his] children, share and share alike." Letters testamentary were issued to his son Stephen, whose first and final account was approved and distribution thereunder directed on December 3, 1930. Decedent's widow died on August 23, 1933, leaving a will whereby her estate was distributed among her children with the exception of a daughter, Hilda. Stephen Wohleber, executor of his father's estate, was likewise named executor of his mother's estate.

At the time of the father's death, U. S. Liberty Bonds of a total par value of $31,000 were found by Stephen in a safe deposit box which had been rented by the father in the names of "Alphonse Wohleber or Caroline Wohleber, either or the survivor of them." One of these bonds, a $5,000 bond registered in the name of Alphonse Wohleber, was included in the inventory of the father's

estate, while the remaining bonds, which were unregistered, were, . . . upon the mother's death, accounted for as her property in the inventory of her estate. A petition was thereupon filed by Hilda, the daughter who had been excluded from her mother's will, praying that the decree of distribution of her father's estate be opened and that Stephen, as executor of that estate, be required to account for the unregistered bonds. After hearing testimony on both sides, the trial judge dismissed the petition. His action, however, was reversed by the court in banc, which ordered that the decree of confirmation of the account of Stephen, as executor of his father's estate, be opened and that he, as such executor, account for the bonds in question, which were of the total par value of $26,000. The present appeal followed.

At the hearing it appeared clearly that the bonds had been bought and paid for by the father, and that it was he who saw to it that the coupons were clipped and the amounts thereof deposited, sometimes in his own account and sometimes in an account carried jointly in the names of himself and wife. No acts of dominion or ownership as to the bonds were shown to have been exercised by Mrs. Wohleber, who had in fact been confined to her bed for several years prior to her husband's death. The bonds were thus plainly owned in the first instance by the father, and it must be supposed that his ownership continued until his death unless some sufficient words or acts of transfer, by gift or otherwise, can be shown. Appellant relies upon the fact that the bonds were found in a safe deposit box leased in the names of both the father and the mother, "either or the survivor of them." His contention is that the presence of the bonds in that box indicates prima facie a tenancy by the entireties, with right of survivorship, and that the bonds therefore became the property of the mother on the death of the father. Even if it were true, however, that that fact would, in the absence of other evidence, be a prima facie indication of joint ownership—a ques-

tion which we are not now called upon to decide—nevertheless, it is clear that such prima facie evidence cannot prevail in the face of a showing that the bonds were in fact owned by the father. While the fact that property is found in a safe deposit box may raise a presumption of ownership in the lessee of the box, that presumption may be overcome by sufficient evidence of ownership in another: Heller v. Fabel, 290 Pa. 43; see Locke v. Provident Trust Co., 306 Pa. 478. A joint lease of a safe deposit box is not of itself sufficient to establish joint ownership of securities found therein which originally belonged to one of the lessees alone, even though the joint lessees were husband and wife: Matter of Brown, 86 N. Y. Misc. 187, affirmed, 217 N. Y. 621; Matter of Squibb's Estate, 95 N. Y. Misc. 475. Even the fact of registration in another's name is insufficient, as against subsequent possession of the bonds and exercise of acts of ownership over a long period: Cummings's Est., 153 Pa. 397. The fact that in the present case some of the interest on the bonds was deposited by the father in a joint account is of no significance, since interest from the registered bond, which admittedly belonged to the father although found in the same box, was likewise deposited in the joint account. Clearly, the bonds belonged in the first instance to the father, and, since no sufficient evidence of a gift or other transfer has been produced, they should have been included in the inventory of his estate. The court below therefore acted properly in so decreeing.

The court below informed counsel of its decision before the entry of a decree, for the purpose of having counsel submit estimates of the interest and inheritance tax due as a consequence of its decision. Thereupon a petition was presented by Oscar Wohleber, brother of Stephen, praying a rehearing and the taking of further testimony. The petition was supported by affidavits of the petitioner and several of his brothers and of a witness who had testified at the hearing, stating that fur-

ther testimony would be given tending to show joint ownership of the bonds by the father and mother. This petition was dismissed by the court below, and the dismissal is assigned as error in the present appeal. No appeal has been taken by the petitioner, and the present appellant, Stephen Wohleber as executor of the estate of Caroline Wohleber, was in no way a party to the petition in question. On that ground alone we might well refuse to consider the assignment. We are satisfied, however, that the court below was right in concluding that the petition and affidavits raised no new issues and disclosed no testimony which could not have been produced by reasonably diligent inquiry at the time of the hearing. Under the circumstances presented, a review is a discretionary matter, and a denial of it will not be reversed where no abuse of discretion is shown: see Com. v. Toebe, 315 Pa. 218; Warnick v. Conroy, 318 Pa. 232, and cases there cited. No abuse of discretion appears here.

Decree affirmed at appellant's cost.