In the Matter of the Estate of EMANUEL GREENE VALVERDE, Deceased.

Surrogate's Court, Kings County, September 17, 1938.

*Philip Cooper*, attorney *pro se*, petitioner.

*Thomas A. McDonald*, for Cathryne Cornell, legatee.

WINGATE, S. This court is unable to concur in their entirety with the positions adopted by either party to the present proceeding. A complete understanding of the situation requires a recollection of a portion of the ancient history of this extended

litigation which first came to the attention of the court in 1933. (*Matter of Valverde*, 148 Misc. 49.)

Emanuel Valverde and his wife, Hattie, died in a common disaster, and the important question presented was as to whether certain insurance on the life of Emanuel belonged to his estate or to that of his wife.

Cathryne Cornell was the sole beneficiary under the wills of both decedents and was appointed administratrix *c. t. a.* of both estates upon the renunciation of the executor named in both instruments.

Hattie had few, if any, creditors, whereas Emanuel was largely indebted. It was obvious, therefore, that if Emanuel's insurance was payable to his estate, its avails would be consumed largely, if not entirely, by the demands of his creditors, whereas if it was an asset of Hattie's estate, its value would come to Cathryne Cornell substantially unimpaired.

The checks in solution of the insurance obligations were made payable to Cathryne as administratrix *c. t. a.* of both estates. She promptly indorsed them over to herself as administratrix of the estate of Hattie, leaving the estate of Emanuel substantially without assets.

Upon her accounting in the estate of Emanuel, objection was interposed by Philip Cooper, Esq., representing William J. Colker, an alleged creditor, to her manner of dealing with the insurance proceeds, it being asserted that they constituted assets of his estate. This contention was upheld by this court (*Matter of Valverde*, 148 Misc. 49; Id. 347), and this result was affirmed by the Appellate Division (242 App. Div. 653) and by the Court of Appeals (266 N. Y. 620).

Cathryne Cornell proved recalcitrant and after causing infinite difficulty and being adjudicated in contempt of court, was finally removed. Her account has now been stated by a referee with the result that she stands charged with assets aggregating $10,582.99, all of which except $111.25 represented the proceeds of the insurance policies which she attempted to divert into her own private possession through the channel of Hattie's estate. As against this sum, she has been allowed credits for disbursements aggregating $5,977.79, leaving a balance of $4,605.20, from which she has been directed to pay the claims of three creditors, aggregating $2,269.29, leaving a net balance in her hands of $2,335.91. The report of the referee has been confirmed.

Throughout this entire litigation, Mr. Cooper has borne the entire brunt of the battle unaided. He now applies under section 231-a of the Surrogate's Court Act for an allowance for his services

from the assets of the estate, naming $3,500 as the sum to which he believes himself to be entitled.

A slightly complicating circumstance arises from the fact that on the hearing before the referee, the claim of William J. Colker, who was the only person whom Mr. Cooper represented as a matter of record prior to the later hearings before the referee, was determined to be without merit and was disallowed. It was, however, made to appear that Mr. Cooper had in fact represented several other creditors whose claims were determined to be valid and had refrained from spreading such representation upon the record only because the interests of all appeared identical and his standing in the case seemed sufficiently assured by the filing of the single authorization. Upon the making of this demonstration, the court, on motion, opened the default of his additional clients and their appearances and objections became a part of the record and their claims were sustained and directed to be paid.

The theory upon which an allowance under section 231-a of the Surrogate's Court Act is made from the assets of the estate generally to the attorney for one other than the representative of the estate fiduciary has been discussed by this court on several occasions (*Matter of Hirsch*, 154 Misc. 736; *Matter of Cannariato*, 159 id. 409; *Matter of Smith*, 167 id. 95) and is, in substance, that where such attorney successfully renders services which have been neglected by the fiduciary of the estate and are a necessary and proper function of administration, he is entitled to be subrogated to the rights which the fiduciary would have possessed to indemnity for attendant expense had he performed his duty in this regard. (*Matter of Geller*, 167 Misc. 578, 581.)

The services performed by Mr. Cooper in the present instance fully comply with this description. His labors have, in a very real sense, created the entire present estate which, in default thereof, would have shown assets of $111.25 and liabilities running into the thousands. This alteration is due to his sole and unaided endeavor without which the persons possessing the first claims upon the assets of the estate, namely, the creditors of the deceased, would have been totally defrauded while simultaneously the recreant fiduciary of the estate in her personal capacity would have enjoyed unjust enrichment at their expense. She should have done that which Mr. Cooper performed, but not only failed so to do, but interposed every conceivable legal obstacle in his path, squandering $2,089.66 of the assets of the estate in fees to her counsel in the process.

The only conceivable obstacle to an allowance is the noted fact that at the time the services which have proved so beneficial to the

estate were rendered, the only client whom Mr. Cooper represented of record was one whose status was subsequently determined to be faulty. In the opinion of the court, however, this cannot serve to defeat his just deserts. Mr. Colker, being a claimant, was not only a proper but a necessary party to the proceeding and as his authorized representative, Mr. Cooper may not be branded as an intermeddling volunteer. Having, therefore, justifiably participated in the litigation, he should be awarded remuneration from the assets of the estate commensurate with the benefit which he conferred thereon, especially since he in fact represented others who have been determined to be entitled to share in its assets.

The quantum of his remuneration remains for determination. In *Matter of Smith* (167 Misc. 95, 99) this court intimated its belief that an award of twenty per cent of the new assets brought into the estate through the efforts of counsel for a party constituted a reasonable measure of his compensation in the usual case. The same method of evaluation will here be adopted. The new assets which have been brought into the estate by Mr. Cooper's efforts and which would not have constituted a part of its avails in default thereof, amount to $10,471.74. His compensation is accordingly fixed in the sum of $2,094.35, which amount the removed administratrix will be directed to pay from the assets with which she stands charged.

Enter decree on notice in conformity herewith.