Grossman Estate.

Argued October 5, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

648

*Leonard Boreman,* with him *Sherman H. Siegel,* for appellant.

*Thomas L. Anderson,* with him *Meyer Goldfarb* and *Samuel Goldfarb,* for appellee.

OPINION BY MR. JUSTICE BELL, November 12, 1956:

Theodore M. Grossman died on January 4, 1955, leaving a personal estate in excess of $71,000. In his last Will dated August 5, 1949, he gave one-half of his estate to his widow and divided the other one-half in varying amounts among his brothers and sisters, one of whom, Hilda S. Grossman, is the claimant in the present appeal. After Grossman's death his executor opened his safe deposit box in the Peoples First National Bank and Trust Company, Washington, Pa., and found in it cash, stock certificates, insurance policies, and other items belonging to decedent. Included therein was a certificate No. 1 for 100 shares of stock of Hudson's, Inc. (a Pennsylvania corporation) which was dated January 14, 1947, and signed by the proper officers, namely, Theodore M. Grossman, President, and Simon Jacobs, Treasurer. In the space left for the owner or registered holder, appeared in typewriting "Theodore M. Grossman". Immediately above his name, in entirely different style of typing, appeared the words "Hilda S. Grossman or". The stock, which had a market value of $32,500., was registered in the name of Theodore M. Grossman, and there was no evi-

dence when or by whom the words "Hilda S. Grossman or" were typewritten on the certificate. The safe deposit box was leased by decedent in his name on February 5, 1945, at which time he also executed a writing authorizing the bank to permit his sister, Hilda, as his deputy, to have *access* to such box. She exercised this right of access seven times between October 11, 1945 and December 28, 1949. Thereafter access was had only by decedent. Decedent was fond of his sister Hilda; she had taken care of many minor business matters for him; prior to his marriage he had helped her financially; and at one time they had maintained joint bank accounts.

Decedent made several loans at his bank and in connection with one of the loans pledged as collateral his Hudson's, Inc. stock. This stock was returned to him on June 30, 1949. Attached to the said stock certificate of Hudson's, Inc., as it was found in decedent's safe deposit box after his death, was a printed power of attorney dated January 12, 1948, authorizing Theodore M. Grossman to pledge as collateral security for any loan his 100 shares of Hudson's, Inc., which was signed by Hilda A. Grossman. There was no evidence to prove that decedent had ever actually delivered the stock certificate to Hilda Grossman or that Hilda ever had actual possession of the stock certificate. Decedent always voted the stock at the corporation stockholders' meetings and included the dividends therefrom in his income tax return. We are of the opinion that these facts, without more, did not prove a completed inter vivos gift of the stock of Hudson's, Inc. to Hilda S. Grossman.

In *Brightbill v. Boeshore*, 385 Pa. 69, 122 A. 2d 38, the Court, quoting *Tomayko v. Carson*, 368 Pa. 379, 383, 83 A. 2d 907, said (page 74) : " 'A claim of a gift inter vivos against the estate of the dead must be sup-

ported by clear and convincing evidence: Leadenham's Estate, 289 Pa. 216, 137 A. 247; Snyderwine, Admrx. v. McGrath, 343 Pa. 245, 22 A. 2d 644.' "

In the recent case of *King Estate*, 387 Pa. 119, 126 A. 2d 463, which involved an alleged gift of the securities contained in a safe deposit box which was leased in the joint name of decedent and his wife with right of survivorship, the Court said (page 122) : "To constitute a valid gift inter vivos of the contents of a safe deposit box, two essential elements are requisite: An intention to make an immediate gift and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein."

Assuming Theodore Grossman had a donative intent, claimant failed to prove an actual or constructive delivery of the stock of Hudson's, Inc. by clear and convincing evidence. Claimant, we repeat, never had possession of the stock certificate; the stock certificate was always kept in the safe deposit box of decedent. *A right of access* to the safe deposit box which contained these shares, as well as many other shares of stock of the decedent, does not amount to or prove delivery or a completed gift to claimant. Even a joint lease of a safe deposit box, without more, is not of itself sufficient to establish joint ownership of securities found therein which originally belonged to one of the lessees: *Tomayko v. Carson*, 368 Pa., supra; *Wohleber's Estate*, 320 Pa. 83, 181 A. 479; Cf. also *King Estate*, 387 Pa., supra; *Isherwood v. Springs-First National Bank*, 365 Pa. 225, 74 A. 2d 89. .

*Isherwood v. Springs-First National Bank*, 365 Pa., supra, is analogous to and rules the instant case

against the claimant-appellant. In that case where a mother opened a savings account with money of her own in the joint names *of herself or her daughter* Ruth, and retained possession of the pass-book until her death, and there was no evidence that any signature card or agreement concerning the account had been signed by either of them, the Court held that this evidence was not sufficient to establish a valid inter vivos gift or a joint estate with right of survivorship. See also *Mader v. Stemler,* 319 Pa. 374, 179 A. 719.

Appellant further relies upon the principle that *where all the essential elements of a valid inter vivos gift have been proved,* the reservation by the donor of the right to receive dividends and the non-transfer of the stock on the books of the corporation and the non-assignment of the stock certificate are insufficient, without more, to negate a valid inter vivos gift: *Brightbill v. Boeshore,* 385 Pa., supra; *Chapple's Estate,* 332 Pa. 168, 2 A. 2d 719. However, this principle does not aid the claimant because she failed to prove all the essential elements of a complete valid inter vivos gift. Where a stock certificate which is made out in the name of the owner *or* the claimant is found in the safe deposit box of the owner after his death, together with the aforesaid power of attorney which was executed by claimant, who had a right of access to the box—these facts are not sufficient to constitute clear and convincing evidence as against a dead man's estate of a valid inter vivos gift of a joint interest in that stock with right of survivorship.

Appellant further contends that the testator's declarations prove or confirm, together with the above-recited facts, a completed gift to her of a joint interest with right of survivorship in 100 shares of Hudson's, Inc. We agree with appellant's contention that where an intention to make a gift is not clearly mani-

fested or the evidence of delivery is not clear, or the acts or declarations of decedent are equivocal or ambiguous or incomplete, parol evidence is admissible to prove (a) an intention or lack of intention to make a gift, and (b) delivery or failure of delivery: *King Estate*, 387 Pa., supra. Moreover, under such circumstances evidence of subsequent acts of either or both of the parties is admissible to aid in clarifying the question of intention or delivery, although it is clearly established that " 'A gift inter vivos of stock, *when once made*, cannot be revoked or recalled by the donor without the consent of the donee, nor can the subsequent acts of the donor, to which the donee is not a party and to which he does not consent, affect his title, . . .' ": *Brightbill v. Boeshore*, 385 Pa., supra.

Under these principles claimant offered evidence of declarations of decedent in order to prove a completed gift to her. Nathan Grossman, a brother of claimant, testified that the decedent said to him sometime in May, 1948: " 'I gave Hilda my stock in Hudson's Jewelry Store which was one hundred shares. . . . I gave it to her because it was to be financial support *for her and his mother*' ". Although thereafter he saw his brother quit frequently, this was the only time he mentioned the aforesaid gift to Hilda not of a joint tenancy, but for the financial support of Hilda and the decedent's mother. Moreover, in October, 1954, decedent told Nathan he was going to sell *his* Hudson's stock. David Grossman, another brother, testified that in March 1948 decedent said to him " 'Dave, . . . I am leaving my stock to Hilda' " or " 'Dave, I am giving my stock to Hilda.' " He also testified that in 1954 decedent told him he was going to sell his stock in Hudson's, Inc. because of his ill health. Mrs. Stark, a sister of claimant, testified that in the summer of 1948 decedent said to her " 'I have made provision here for

Hilda.'" These declarations are too general and indefinite and uncertain to constitute clear and convincing evidence of a completed gift to Hilda of a joint interest with right of survivorship in the Hudson stock.

As President Judge ANDERSON said in his excellent opinion: "[Moreover] The declarations made by him to his wife that he relied upon such stock investments to care for their future needs which conflict with alleged declarations to his brothers and sister that he intended it for Hilda and his mother; the fact that he at all times retained possession of such certificate; and the fact that just prior to his death he was negotiating with his co-incorporators for the sale of such stock to the corporation; the fact that he was legally bound, unless relieved by Jacobs and Yorkin, to offer it first to the corporation; these are all facts which negative any completed gift or his intent to divest himself of ownership."

Appellant relies principally upon *Brightbill v. Boeshore*, 385 Pa., supra, where the decedent-owner gave, assigned and delivered to his daughter a stock certificate in the Brightbill Body Works which was sustained. That case is clearly distinguishable because of the proof that decedent *actually delivered* the stock certificate to his daughter who for many months retained possession thereof.

We agree with the Court below that the evidence was insufficient to establish a valid inter vivos gift of 100 shares of stock of Hudson's, Inc., and under the principles set forth in *King Estate*, 387 Pa., supra, *Chadrow v. Kellman*, 378 Pa. 237, 106 A. 2d 594, *Tomayko v. Carson*, 368 Pa., supra, and *Isherwood v. Springs-First National Bank*, 365 Pa., supra, the claim was rightly dismissed.

Decree affirmed; appellant to pay the costs.

Mr. Justice MUSMANNO dissents.