## Orndorff Estate

Samuel J. Halpern, for petitioner.

Laurence E. MacElree and J. Eugene Stumpf, for Elsie M. Boliner.

MACELREE, P. J., July 25, 1958.—Dovie B. Orndorff, a resident of the City of Coatesville, Chester County, died December 8, 1954, intestate.

Complainant, Clara M. Orndorff, by proceedings duly had in the Office of the Register of Wills of Ches-

ter County, was duly appointed administratrix of the estate of Dovie B. Orndorff by letters of administration granted November 18, 1955.

Decedent, during his lifetime, purchased with his own funds certain shares of stock of York Farm Bureau Cooperative Association. . . .

At the instance of decedent each and all of the said certificates had been transferred upon the books of the corporation on the dates hereinbefore set forth, and stock certificates therefor were issued to "Dovie B. Orndorff—named beneficiary Elsie M. Boliner", also known as Elsie Boliner, or "Dovie B. Orndorff—beneficiary Elsie M. Boliner", also known as Elsie Boliner, excepting for one share which had originally been issued in the name of Elsie M. Boliner, and was by her surrendered for transfer to "Dovie B. Orndorff—named beneficiary Elsie M. Boliner."

Since the date of issuance of the several certificates, and at the time of decedent's death, the said certificates were constantly in the custody and possession of Elsie M. Boliner.

In the possession of Elsie M. Boliner, since the respective dates of their issuance, and at the time of decedent's death were three checks of York Farm Bureau Cooperative Association, representing cash dividends issued on the following dates and in the following amounts:

| 12-29-54 | $102.40 |
| 12-28-55 | $102.40 |
| 12-28-56 | $102.40 |

Each of the above mentioned checks was drawn to the order of "Dovie B. Orendorff, Beneficiary, Elsie M. Boliner."

On September 11, 1957, Clara M. Orndorff, in her capacity as administratrix of the estate of Dovie B. Orndorff, deceased, filed a petition in the Orphans'

Court of Chester County praying for a citation to be directed to the said Elsie M. Boliner to appear and show cause why she should not turn over to Clara M. Orndorff, administratrix of the estate of Dovie B. Orndorff, deceased, "any and all assets of the said decedent" which are in the possession of the said Elsie M. Boliner.

An appearance de bene esse was entered on behalf of Elsie M. Boliner on October 16, 1957, whose counsel, on the call of this matter for hearing, questioned the jurisdiction of the orphans' court to determine title to said certificates and checks.

It was conceded by all parties that the alleged assets of the said decedent, concerning which the said citation was issued, consisted of the aforementioned stock certificates and checks.

In his brief, counsel for the administratrix contends that decedent, in having the certificates issued in the manner in which they presently appear, was attempting to make a testamentary disposition of said stock.

Counsel for respondent suggests that the question to be determined is whether there had been a valid inter vivos gift of the York Farm Bureau Cooperative Association stock to Elsie M. Boliner.

In the opinion of the court, neither one of these is a correct statement of the question presently involved, which the court believes to be the right of possession of said certificates and checks.

Considerable conflict of authority existed prior to the Orphans' Court Act of August 10, 1951, P. L. 1163, and, in the opinion of this court, under the facts set forth above, prior to the Act of 1951 the remedy, if any, of complainant would have been in the court of common pleas sitting in equity, inasmuch as the property in dispute was not in decedent's possession either actually or presumptively: Moyer's Estate, 341 Pa.

402, 406; DiPaola Estate, 350 Pa. 408, 410; Chapple's Estate, 332 Pa. 168; Brown's Estate, 343 Pa. 230.

The legislature by the terms of the Orphans' Court Act of 1951 sought to clarify the question as to when the orphans' court has jurisdiction to determine the title to disputed property.

Since now such a remedy is based upon the statute rather than conflicting opinions in the case law, authority conferring jurisdiction on the orphans' court, if any, must be found in the statute.

Counsel for complainant relies upon the Orphans' Court Act of August 10, 1951, P. L. 1163, art. III, sec. 301 (b).

This latter act in article III sec. 301 (b), provides:

"The Orphans' Court shall have exclusive jurisdiction of:

"Title to personal property. The adjudication of the title to personal property *in the possession of the personal representative* or *registered in the name of the decedent or his nominee,* or *alleged by the personal representative to have been in the possession of the decedent at the time of his death.*"

Following the section above quoted is the following illuminating comment:

"This . . . was to obviate, whenever possible, a preliminary dispute as to whether the Orphans' Court has jurisdiction to determine the title to the disputed property." There is no statutory precedent for it. In some cases, a right to trial by jury may exist.

Since the legislative enactment of 1951, the orphans' court has assumed jurisdiction in cases where the stock certificate was in the possession of decedent at the time of his death: Grossman Estate, 386 Pa. 647, 650; Martella Estate, 390 Pa. 255, 257.

In the instant proceeding neither does the petition for citation aver, nor does the testimony offered in

support of it, justify a finding of fact that respondent has in her possession any asset of decedent falling in any one of the three categories mentioned in section 13 above.

Since the Act of 1951, this court has been unable to find any case in which the orphans' court has assumed jurisdiction at the instance of the personal representative with respect to personal property in the exclusive possession of claimant.

Counsel for complainant has cited in his brief cases dealing with the question of inter vivos gifts and the question of what is required to constitute a testamentary disposition of stock.

These cases, in the opinion of the court, throw no light upon the question to be resolved.

This court is not now called upon, under the pleadings, to resolve any question of title.

The stock in question, as well as the checks, were not issued in the name of decedent or his nominee, but were issued to Dovie B. Orndorff, beneficiary, Elsie M. Boliner.

The legal effect of such issuance, in the court's opinion, was to create a trust for the benefit of Elsie M. Boliner.

The court cannot disregard the language on the face of the certificates indicating that by the use of the word, "beneficiary," decedent in fact caused these certificates to be issued to himself, in trust for Elsie M. Boliner, and delivered the certificates to the named beneficiary.

Such being the case under the provisions of section 946 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.946, the fiduciary of an estate of a deceased trustee by reason of such position shall not succeed to the administration of or have the right to possess any assets of a trust which was being admin-

istered by the deceased trustee, except to protect them pending delivery to the person entitled to them.

In this proceeding before the court, such delivery had already been made by the self-constituted deceased trustee in his lifetime.

For both of the reasons above set forth, this court is of opinion that Clara M. Orndorff, the personal representative of Dovie B. Orndorff, is not entitled to possession of the certificates and checks involved, for administration purposes or otherwise.