## Weand Estate

*John P. Yatsko,* for Eleanor Morgan.
*James L. Hollinger,* for Daniel W. Hines.

TREDINNICK, *J.,* July 23, 1984—Eleanor Morgan (petitioner), the guardian of the estate of Esther M. Weand, an incompetent, has petitioned the court to grant her sole access to two bank accounts and a safe deposit box registered in the name of the incompetent and her brother, Daniel W. Hines (respondent). Incompetent is allegedly in need of the funds to provide for her care, maintenance and support at the Gwynedd Square Center, a nursing home where she currently resides. Petitioner seeks to use the entire proceeds from these accounts for such care. Respondent alleges that he is a joint tenant with right of survivorship in both savings accounts and the safe deposit box and asks the court to dismiss the petition.

## FACTS

Petitioner Eleanor Morgan was appointed guardian of the estate of Esther M. Weand on December 9, 1983. At that time there existed two savings accounts in the name of Esther M. Weand and Daniel W. Hines, one at Philadelphia Saving Fund Society (originally Western Savings), the other at First Pennsylvania Bank. The PSFS savings account was originally opened on April 21, 1960 in the sole name of Esther M. Weand; the name of Daniel W. Hines

was added to the account on May 15, 1974. The original signature card and the joint signature card were admitted into evidence as petitioner's exhibit. The First Pennsylvania savings account was originally opened on July 21, 1969 in the sole name of Esther M. Weand; the name of Daniel W. Hines was added to the account on February 26, 1971. A safe deposit box at PSFS was originally leased in the name of Esther M. Weand on January 16, 1979. Respondent testified that as to the two savings accounts in question, he did not contribute to the accounts, nor did he make any withdrawals. As to the safe deposit box, respondent testified that he was given a key thereto, but never entered it.[1] He also testified that he neither purchased nor made contribution toward the purchase of any of the bonds, savings certificates or other assets held in the safe deposit box. By order of the court, the safe deposit box was inventoried on May 9, 1984. The box contained a number of items, however it has been stipulated by counsel that this adjudication will resolve the question of ownership of only those items contained in the box which bear the joint names of Esther M. Weand and Daniel W. Hines. There are: five Series E. Bonds (totalling $2,600), a Savings Certificate in the amount of $575 and passbooks for the two bank accounts in question.

To date, petitioner has attempted to provide for the care of incompetent using social security income ($277 a month), funds held in trust for incompetent's husband (who is still living) and funds contributed by incompetent's husband.[2] By

---

1. His testimony was corroborated by the safe deposit box access record which showed 12 entries, all of which were made by Esther M. Weand.

2. Mr. Weand, incompetent's husband, has contributed towards the expenses of his wife's care. He is, however, on a

agreement, one-half of the amounts of the bank accounts in question have been released to petitioner and have been used for the ward's maintenance. Nursing home care for incompetent runs approximately $2,500 a month[3] and petitioner owes approximately $5,000 to the Ambler Rest Home. Incompetent now resides at the Gwynedd Square Nursing Home, and that account was current as of the hearing date. Petitioner testified that at the time of hearing she had a balance of $3,300 from all sources to work with in the future.

## DISCUSSION

The sole question presented is whether the establishment of savings accounts and the placement of items in a safe deposit box in the joint names of two persons establishes a joint tenancy with the right of survivorship where one tenant has never contributed to the fund or purchased any of the assets, and where there are no signature cards or other proof that right of survivorship was specifically designated.

Initially it must be noted that petitioner argues that 20 Pa.C.S. §6303 applies to the case at bar. Section 6303 provides:

"(a) Joint Account — A joint account belongs during the lifetime of all parties to the parties in proportion to the net contribution by each to the sum on deposit, unless there is clear and convincing evidence of a different intent."[4] However, the act be-

---

limited income himself, receiving $1,100 a month from an annuity, and $145 a month social security.

3. Incompetent receives no reimbursement by way of medical insurance.

4. Joint account is defined in §6301 as: an account payable on request to one or more of two or more parties whether or not mention is made of any right of survivorship.

came effective only as of September 1, 1976. The Official Advisory Committee Comment cites to section 2 of the act (Act of July 9, 1976, P.L. 547), which provides:

"This Act shall take effect September 1, 1976 and apply to any account created thereafter and to any *account existing prior thereto when a contract for deposit concerning it is executed after September 1, 1976.* See also Livingston v. Livingston, 275 Pa. Super. 285, 418 A.2d 724 (1980).

While it is true the the safe deposit box was registered in the joint names of incompetent and Daniel W. Hines and became so registered *after* the effective date of the act, the individual assets in the safe deposit box, which were registered in the joint names of incompetent and Daniel Hines, were created long before the effective date of the act. Furthermore, by definition §6303 of the statute applies only to joint *accounts,* the definition of which does not include safe deposit boxes. Thus, the law regarding assets held in joint names in effect prior to September 1, 1976 will govern, and that is governed by the cases.

"A joint lease of a safe deposit box, without more, is not of itself sufficient to establish joint ownership of securities found therein which originally belonged to one of the lessees." Grossman Estate, 386 Pa. 647, 650, 126 A.2d 468, 470 (1956). Evidence of a signature card signed by both parties and specifically qualifying the character of the account or asset as one in "joint tenancy with right of survivorship" is prima facie evidence of a valid inter vivos gift to

---

Account is defined as: a contract of deposit of funds between a depositor and a financial institution, and includes a checking account, saving account, certificate of deposit, share account and other like arrangements.

the joint tenant. Zabek Estate, 441 Pa. 116, 269 A.2d 490 (1970).

Registration in joint names alone, however, is *not* sufficient to establish a prima facie gift. Kalbach Estate, 68 Berks 23 (1975). Absent specific language regarding survivorship, two essential elements must be proven to establish a valid gift inter vivos:

"An intention to make an immediate gift and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion or control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein." Zabek Estate, 441 Pa. at 121, 269 A.2d 490 (1970); see also Kalbach Estate, 68 Berks 23 (1975).

Claimant has the burden of proof to establish a gift inter vivos by clear and convincing evidence. Miller Estate, 19 D.&C.3d 21 (1980); Hosfeld Estate, 414 Pa. 602, 202 A.2d 69 (1964). He has clearly failed to do so.

There was submitted in evidence only one of the signature cards, that concerning the PSFS savings account (originally Western Savings). As mentioned heretofore, it fails to mention survivorship. Therefore there has been no establishment of a prima facie case of inter vivos gift, and the burden noted above remains upon him. He must prove intent and delivery (actual or constructive) consonant with joint ownership. His evidence falls far short of proving by clear and convincing evidence that the incompetent intended to and made a valid gift inter vivos to him of the accounts, bonds and certificate of deposit in question.

Respondent testified that he made no deposits to or withdrawals from the savings accounts held in

joint names, nor did he contribute toward the funding of the account or the purchase of the bonds or certificate. He held a key to the safe deposit box but he never entered the box. (It is noted that respondent lives near State College.)

In Grossman Estate, 386 Pa. 647, 126 A.2d 468 (1956), a stock certificate in joint names was placed in a safe deposit box. The claimant possessed a key to the box along with decedent. The court held that a right of access to the safe deposit box did not amount to or prove delivery or a complete gift to the claimant. Here, decedent retained a power of attorney executed by the claimant enabling decedent to use the stock certificate as loan collateral. The court held there was no inter vivos gift.

In Martella Estate, 390 Pa. 255, 135 A.2d 372 (1957), stock certificates registered in joint names with right of survivorship language were kept in a small metal box in decedent's home. Claimant never had actual possession of the stocks or control of or access to the strong box. The court ruled that even though decedent specifically set forth the right of survivorship on the stock cerificate, and thus an inference as to donative intent arose, claimant failed to prove the second element as to actual or constructive delivery of the stock by clear and convincing evidence.

Finally, in Kalbach Estate, 68 Berks 23 (1975), a claim was made to cash found in a decedent's safe deposit box registered in joint names. Decedent and claimant each had access to the box and on at least two occasions claimant entered the box. As in the case at bar, there was testimony that both decedent and claimant signed signature cards, but no evidence was offered to show that any language pertaining to right of survivorship appeared on the cards. The court held that claimant failed to prove a

completed inter vivos gift. "The intention to make an immediate gift arises from the provision in the registration of the safety deposit box, describing the tenants as joint tenants with right of survivorship." Id. at 25. Proof of registration in joint names alone was not sufficient.

Respondent has failed to prove incompetent's intent to create assets with a right of survivorship. Although all the assets in question are registered in joint names, this is not sufficient under Kalbach, supra. Further, although respondent theoretically had access to the safe deposit box, he never actually entered the box or controlled the contents of the box. However, under the authorities cited above, I need not reach this second step because the failure to prove either of the two essential elements must result in a finding that no joint tenancy was created. Accordingly, I so hold.

### DECREE NISI

And now, this July 23, 1984, petitioner is granted sole access to and use of the funds in the PSFS savings account no. 45310617 (originally Western savings account no. 11-010609) and in the First Pennsylvania Bank savings account no. 95-60189-4, as well as the Series E Bonds and Certificate of Deposit held in the joint names of Esther M. Weand and Daniel W. Hines and located in the PSFS safe deposit box no. 127, at Philadelphia Savings Fund Society, Fort Washington branch.

Unless exceptions are filed hereto within 10 days of notice hereof, this adjudication will become final as of course.