**Norma JAMES, Administratrix of the Estate of Edwin James, Deceased, Appellant,**

v.

**Arthur E. WEBB and Wanda Lee Meredith, Appellees.**

No. 90–CA–2330–S.

Court of Appeals of Kentucky.

Dec. 13, 1991.

Discretionary Review Denied by Supreme Court May 6, 1992.

Michael A. Breen, Gary S. Logsdon, Logsdon & Breen, Brownsville, for appellant.

Penny Travelsted, William E. Allender, Hixson, Downey & Travelsted, Bowling Green, for appellees.

Before HOWERTON, McDONALD and STUMBO, JJ.

HOWERTON, Judge.

Norma James, as administratrix of her husband's estate, appeals from a judgment of the Warren Circuit Court concluding that certain bearer bonds found in a safe deposit box shared by Norma and her husband were assets of Mr. James' estate and were to be distributed according to the intestate statutes. Reluctantly, we affirm.

Edwin James died intestate on February 12, 1986. He and Norma had been married since January 21, 1970. Norma was approximately 70 years old at Edwin's death. The only heirs Edwin left are some nieces and nephews and great nieces and nephews.[1] No mention is made of any children.

Norma was duly appointed administratrix of Edwin's estate on March 6, 1986. The entire estate was valued at $600,000–$800,000. The only issue in this appeal is the character of bearer bonds which Edwin left in safe deposit box # 1682 at Citizens National Bank of Bowling Green. These bonds had a face value at Edwin's death of $166,000. In this box were also some deeds to jointly-held property and some coin collections. Norma listed the coin collections as assets of the estate.

Edwin and Norma rented the box together on November 26, 1975. Both signed the lease agreement with the bank and both had keys to the box. Edwin sometimes opened the box without Norma, but Norma never opened the box without Edwin until his death. Norma testified that the two of them would go together every month and she would clip the interest coupons from the bonds, and the interest would be deposited into their joint checking account for living expenses. The heirs objected to most of the above testimony as violative of the Dead Man's Statute. KRS 421.210.

Norma also testified that Edwin had three other safe deposit boxes in his name alone and these contained some certificates of deposit in joint names with Edwin or Norma, and with Edwin and various other persons, including some nieces and nephews. Not all the heirs were left money in this manner, but the certificates of deposit to the heirs who were named were for substantial amounts, $20,000–$50,000. The heirs objected to the testimony concerning other safe deposit boxes as irrelevant.

At first, Norma listed the bonds as an asset of Edwin's estate, but she later deleted them. Some of the heirs then brought suit to assert their rights to one-half the value of the bonds. See KRS 391.030, 391.010.

The Warren Circuit Court held the Dead Man's Statute applicable to exclude much of Norma's testimony concerning her activity with Edwin in entering the safe deposit box. The court also held that the box agreement was not sufficient to give title to the bonds to Norma, and thus the court included them in Edwin's estate to be distributed according to the laws of descent and distribution. KRS Chapter 391. Consequently, Norma would get her dower share of one-half, KRS 392.020, and the other heirs would share the balance. KRS 391.030, 391.010.

The lease agreement on the lock box reads in pertinent part:

In the event said box is leased in the names of more than one person, the lessee shall be considered as *tenants in common* and any one of them shall have access thereto and the right to remove the contents therefrom or appoint an

1. His widow takes her share by dower rights rather than by inheritance. 1 J. Merritt, *Kentucky Practice*, § 6 (2d ed. 1984).

agent for that purpose. In the event of the death of one of them, the survivor or survivors agree to notify the bank thereof, but may continue to enter said box and remove the contents therefrom, subject only *to any restrictions imposed by law.* Either lessee may terminate this lease and remove the contents from said box and surrender and release same, either before or after the death of his co-lessee or co-lessees. The bank assumes no responsibility for the act of any lessee against the interest of his co-lessee or co-lessees. (Emphasis added.)[2]

■ This case was submitted to the trial court on a stipulation of facts, which read in part:

(6) Norma James claims that, upon Edwin James' death, she became the owner of all of the contents, including the bearer bonds, of Box No. 1682; based upon the fact that the box was held in the joint names determined the ownership of the contents and that she became the owner of the contents by right of survivorship.

. . . . .

(13) Plaintiffs [heirs] claim that the only issue before this Court is an issue of law, to wit: should the terms and provisions of the lock box rental agreement govern the ownership of the contents of the box?

Thus, it appears that Norma is claiming sole ownership of the bonds based on the language of the lock box agreement creating a right of survivorship in her to the contents. She also advanced the alternate theory on appeal that she and Edwin had held the bonds in some form of joint tenancy, entitling her to one-half outright on his death, and an additional one-fourth as dower interest. The heirs, and rightly so, argue that this theory was never advanced in the trial court, nor included in her preliminary statement to this Court, and thus Norma is precluded from raising this theory on

appeal. *Karam v. Greentree Corp.,* Ky. App., 783 S.W.2d 78, 81 (1990); *Howard v. Hamilton,* Ky.App., 612 S.W.2d 345, 347 (1981); CR 76.14(6).

■ First, a safe deposit box is not an "account" or "other like arrangement" pursuant to KRS 391.300(1) entitling the surviving party to the balance. KRS 391.-315(1) reads in part, "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created." "Account" is defined as "a contract of deposit of funds between a depositor and a financial institution, and includes a checking account, savings account, certificate of deposit, share account and other like arrangement." KRS 391.300(1). "Bank account" is defined as "[a]ny account with a bank, including a checking, time, interest or savings account." *Black's Law Dictionary* 144 (6th ed. 1990); KRS 355.4–104(1)(a); *Herren v. Cochran,* Ky.App., 697 S.W.2d 149, 152 (1985). A safe deposit box and the valuables placed therein, be they jewelry, coin collections, or bearer bonds create a situation analogous to a bailment, rather than a bank account. 10 Am.Jur.2d *Banks* § 470 (1963) [hereinafter *"Banks"*]. Cases dealing with bank *accounts,* even those predating KRS 391.300, .315, are not applicable. Therefore, KRS 391.300, .315 do not support Norma's claim that the box is like a joint account with right of survivorship.

■ We are asked to address an issue not previously decided in this state, that is, whether the language of the lease agreement created an ownership interest in the contents of the box.

The rule followed in most jurisdictions is that the deposit of articles in a jointly leased or used safe-deposit box of itself

---

**2.** At this juncture, we note the difference between a joint tenancy with right of survivorship and a tenancy in common. Although there is some authority to the contrary, in a tenancy in common, the deceased's share passes to his heirs and not to the survivor. In a joint tenancy with right of survivorship, the deceased's share

passes to the surviving tenant. *Black's Law Dictionary* 1465 (6th ed. 1990); 20 Am.Jur.2d *Cotenancy and Joint Ownership* §§ 3, 22 (1965); *McLeod v. Andrews,* 303 Ky. 46, 54, 196 S.W.2d 473 (1946). The use of either term in the agreement is not dispositive of the issue here.

works no change in title unless there is an express agreement that the contents of the box shall be joint property. Language in a lease descriptive of joint tenancy or of the incident of survivorship, unless indubitably referable to the contents, is generally construed as running no further than *use* of the box.

... While a joint tenancy with rights of survivorship may be created, such a tenancy is not necessarily created by the use of the words "either or survivor." (Emphasis added; citations omitted.)

*Banks* § 474.

Thus most jurisdictions which have dealt with this issue hold that such lease agreements creating any kind of co-tenancy govern the use of the box and the bank's liability, and do not serve to change the title or ownership of the contents. *See Annot.*, 14 A.L.R.2d 948 (1950); *Annot.* 40 A.L.R.3d 462 (1971).

The Kentucky cases cited by Norma do not support her claim, as they deal variously with joint bank accounts or other documents with the name of the co-owner on the face of the document. *See e.g. Saylor v. Saylor,* Ky., 389 S.W.2d 904 (1965) (joint savings account); *Bishop v. Bishop's Ex'x,* 293 Ky. 652, 170 S.W.2d 1 (1943) (joint bank accounts); *Bealert v. Mitchell,* Ky.App., 585 S.W.2d 417 (1979) (joint savings account). In *Hensley v. Ball,* Ky., 380 S.W.2d 279 (1964), the subjects were stock certificates, notes, bonds, and cashier's checks found in a safe in the home of one of the decedent's sons. *Id.* at 280. The former Court of Appeals held that these items belonged to the persons whose names appeared, as co-owners with the decedent, on the face of the instruments. *Id.* at 283. Thus, this case is distinguishable because there was nothing to establish that Norma was a co-owner of the bonds themselves, aside from the placement in the jointly-held safe deposit box.

The only Kentucky case dealing with a safe deposit box is *Kirwan's Administrator v. Citizens' Union National Bank,* 222 Ky. 65, 299 S.W. 1104 (1927). This case merely absolved the bank from liability in permitting the co-lessee of the box access to the box after the death of the other co-lessee. It did not adjudicate the rights of the co-lessee or estate in the contents. 222 Ky. at 70, 299 S.W. 1104.

Since there are no Kentucky cases on point, both parties cite several out-of-state cases for authority. Some cases from other jurisdictions determined that the contents of the box did not pass to the survivor because the elements necessary to establish a valid inter vivos gift were not met. *See eg. Bothe v. Dennie,* 324 A.2d 784 (Del.Super.Ct.1974); *In re Estate of Grossman,* 386 Pa. 647, 126 A.2d 468 (1956); *Chadrow v. Kellman,* 378 Pa. 237, 106 A.2d 594 (1954). Norma does not claim the bonds by gift, but by survivorship language in the lock box agreement.

Norma cites *Brown v. Navarre,* 64 Ariz. 262, 169 P.2d 85 (1946). However, that case turned on specific language in the safe deposit box agreement that all property placed therein would be the joint property of both lessees and pass to the survivor at the death of one co-lessee. 169 P.2d at 86. In *Malek v. Patten,* 208 Mont. 237, 678 P.2d 201 (1984), three certificates of deposit in a joint safe deposit box and funds from a checking account with right of survivorship did not pass through the decedent's estate. 678 P.2d at 206. This conclusion was based on a statute providing for such survivorship rights in the contents if the lease agreement was explicit.

A majority of out-of-state cases hold that, absent specific language creating a joint tenancy with right of survivorship in the *contents* of the box, the lease agreements govern access to the box and not ownership of the contents. Cases which have held this way include *Newton County v. Davison,* 289 Ark. 109, 709 S.W.2d 810 (1986), and *In re Brown,* 86 Misc. 187, 149 N.Y.S. 138 (1914), *aff'd,* 151 N.Y.S. 1106 (1915), *aff'd,* 217 N.Y. 621, 111 N.E. 1085 (1916). *In re Brown* dealt with a safe deposit box containing stock certificates in the decedent's name, bearer bonds, and stock shares in the name of the widow. The court held that the bearer bonds and stock certificates in the decedent's name were property of the estate. 149 N.Y.S. at

140. Since the widow claimed these items by right of survivorship and not by gift, her claim must stand on construction of the lease. "It has not been possible to find that this was anything more than an agreement to hold the box together and to permit access thereto by each other." *Id.* Furthermore, "a joint lease of a safe deposit box is not of itself sufficient to establish joint ownership of securities found therein." *In re Wohleber's Estate*, 320 Pa. 83, 181 A. 479, 480 (1935). *Cf. Estate of Gulat*, 748 S.W.2d 79 (Mo.Ct.App.1988) (niece who was co-renter of lock box with uncle had no ownership interest in the contents; no joint tenancy created); *Estate of Mead*, 129 A.D.2d 1008, 514 N.Y.S.2d 581, 582 (1987) ("Deposit of articles in a jointly leased safe-deposit box does not effect a change of title unless there is an express agreement that the contents of the box shall be joint property."); *Reil v. Wempe*, 145 Md. 448, 125 A. 738 (1924) (co-lessee did not acquire title by mere access to box).

In the present case, it was stipulated that the safe deposit box agreement would govern ownership of the contents of the box. Based on the reasoning of all the authority we have examined, we conclude that the language of this lease agreement was meant to govern access to the box and protect the bank from liability for alleged wrongful access, but not enunciate any rights in the contents, and we so hold. Therefore, a typical contract for the rental of a safe deposit box shall govern only the access to the box and not ownership of the contents unless there is an express agreement otherwise and the law so allows.

The judgment of the Warren Circuit Court is affirmed.

All concur.