### In the Matter of the Estate of AUGUST J. RAGGI, Deceased.

Surrogate's Court, New York County, July 1, 1939.

*Phillips & Avery* [*Frank A. Biba* of counsel], for the administratrix.

*Mason H. Partridge, Jr.*, for Vivian DeSanctis Farrell, Beatrice Bontemps, Theresa Paglughi, Louise Paglughi and Harry Paglughi.

*Alfred Lynford*, for Josephine Rolandelli and John Raggi.

*Joseph P. Barbieri*, for John Raggi and Paul Pareti.

*Vincent E. Vicinanzo*, for Rose Vicinanzo.

*Francis J. McCaffrey, Jr.*, special guardian for Robert Raggi.

FOLEY, S. In this accounting proceeding of the administratrix of the estate, who is the widow of the decedent, claim is made by her to the entire contents of a safe deposit box leased in the joint names of the husband and wife. The lease was executed on September 16, 1937. It contained a clause of survivorship out of which arises the question presented for determination as to whether the contents of the box became the property of the wife upon the death of the husband. The printed form of lease signed by the parties is entitled " Lease of Safe Deposit Box to Husband and Wife — Joint Tenants." The clause of survivorship reads: " In case the lessees are husband and wife, it is hereby declared that all property of every kind at any time heretofore or hereafter placed in said box is the joint property of both lessees and upon the death of either passes to the survivor. Each shall have full access to

and control of the contents of said box without further authority. The lessor shall not be liable in the event that property belonging to the husband and wife, having joint access to said box, be misappropriated by one or more of those having such access. Either may appoint a deputy to have access to or to surrender the box." The instrument was signed by both parties.

The surrogate holds that the agreement for the devolution of the property to the survivor was valid and effective and that the widow is entitled to the entire proceeds of the box. Strong support for this conclusion is found not only in the written words of the lease but the circumstances surrounding the transaction. The decedent was a physician. The representative of the safe deposit company, who was present at the execution of the instrument, testifies that he discussed the nature of the leasing with both the husband and the wife. The husband stated that he wanted the box taken in the joint names of both of them with the inclusion of an arrangement which would vest title to the contents of the box upon the death of either in the survivor. The representative of the company explained to him the contents of the lease which was subsequently executed. The husband said that he desired the agreement to be like a joint savings bank deposit account where the survivor would take automatically upon the death of the other party.

For many years preceding the leasing of the joint box, the wife had a box in her individual name in the same safe deposit company. Within a few days after the leasing of the joint box the wife changed her individual savings bank account in the savings bank affiliated with the safe deposit company to the joint names of her husband and herself with the right of ownership in the survivor. There is testimony that upon the same day as the change to the joint savings bank account the wife surrendered her lease of her individual safe deposit box and transferred the contents to the joint box. All of these transactions were completed on September 20, 1937, four days after the execution of the joint lease.

Agreements between husband and wife of joint ownership of personal property with a right of survivorship are recognized as valid and enforcible. (*Matter of McKelway*, 221 N. Y. 15; *Matter of Kane*, 246 id. 498; *Matter of Kane*, 247 id. 219; *Matter of Cossitt*, 204 App. Div. 545; affd., 236 N. Y. 524; *Matter of Kaupper*, 141 App. Div. 54; affd., 201 N. Y. 534.) In certain cases the securities themselves were registered in the joint names of the parties. In others, the terms of the agreement were included in a formal separate instrument. It is stated in *Matter of Kaupper* (*supra*, at p. 57): " Conceding that the law does not recognize such a thing as

tenancy by the entirety in personal property (*Matter of Albrecht*, 136 N. Y. 91, 94), it still does recognize a joint tenancy in personal property, which may be created if the parties so intend, irrespective of whether the tenants be husband and wife, and in such case the right of survivorship does exist. (*West* v. *McCullough*, 123 App. Div. 846; affd., 194 N. Y. 518.) "

The next of kin who oppose the claims of the widow here, in part, rely upon *Matter of Brown* (86 Misc. 187; affd., 167 App. Div. 912; affd., 217 N. Y. 621). In that case the lease of the safe deposit box taken jointly in the name of husband and wife read in part: " We agree to hire and hold safe No. —— as joint tenants, the survivor or survivors to have access thereto in case of death of either." The distinction between that case and the present proceeding is obvious for here the lease provided: " In case the lessees are husband and wife, it is hereby declared that all property of every kind at any time heretofore or hereafter placed in said box is the joint property of both lessees and upon the death of either passes to the survivor." In the *Brown* case the right of access only was given. In the present case there was an explicit declaration conveying title and ownership in the survivor.

In *Young* v. *Young* (126 Cal. App. 306; 14 P. [2d] 580) it was held that a clause of similar import to that employed in the lease involved here, constituted a binding agreement as between husband and wife. There the clause read: " We hereby declare that all the contents of said safe now or hereafter placed therein, are our joint property and that the title and right of ownership thereto and to the whole thereof rests in the survivor of us as his or her separate property."

No rights of creditors are here involved and it is conceded that the administration expenses, funeral expenses and debts have been paid out of the separate individual assets of the decedent.

Additional support for the conclusion reached by the surrogate is found in the evidence that the decedent declared upon the leasing of the box that he desired an arrangement similar to a joint savings bank account with survivorship and the actual transfer of his wife's individual account to the form of a joint account with survivorship as an inherent part of the same transaction. (*Moskowitz* v. *Marrow*, 251 N. Y. 380; *Marrow* v. *Moskowitz*, 255 id. 219.)

Submit decree on notice sustaining the claim of the widow and settling the account accordingly.