## Pappert's Estate

*H. C. Brandt,* for Commonwealth.
*George L. Hilty,* for accountant.

TRIMBLE, P. J., July 20, 1942. — The question is whether certain stock purchased by decedent passes to his wife by right of survivorship or as legatee under his will subject to the payment of Pennsylvania transfer inheritance taxes.

In 1936, William Pappert purchased 35 shares of Bethlehem Steel Corporation common stock and a certificate was issued to him in his name. He endorsed the certificate in blank and placed it in a safe deposit box held by "William Pappert or Mathilda B. Pappert", his wife. There it remained until his death on June 22, 1941. Letters testamentary were issued to his wife, who was his executrix and sole legatee. She filed an inventory of his estate and included therein as assets of decedent the aforesaid shares of Bethlehem Steel Corporation. At audit the claim of the Commonwealth of Pennsylvania for transfer inheritance taxes on said stock was resisted by the accountant, who then claimed it passed to her as the survivor of a tenancy by entireties and not under the will of her husband.

It is noted in passing that the widow's claim is not based on a gift, inter vivos or causa mortis. She contends that decedent's endorsement in blank of the certificate and his subsequent deposit of it in the safe deposit box owned by husband and wife created a tenancy by the entireties in said stock. No other evidence is given to show his intention nor is there any proof that she ever exercised any dominion over the stock or the dividends therefrom. In Wohleber's Estate, 320 Pa. 83, where the husband had deposited, inter alia, some unregistered Liberty Bonds purchased by him in a box owned by him and his wife, it was argued that the presence of the bonds in the box indicated prima facie a tenancy by the entireties, with right of survivorship, and that the bonds became the property of the wife on the death of the husband. The court, without deciding whether this was a valid presumption, held that it could not prevail in the face of a showing that the bonds were in fact owned by the husband. The court further said (p. 86) :

"A joint lease of a safe deposit box is not of itself sufficient to establish joint ownership of securities found therein which originally belonged to one of the

lessees alone, even though the joint lessees were husband and wife: Matter of Brown, 86 N. Y. Misc. 187, affirmed, 217 N. Y. 621; Matter of Squibb's Estate, 95 N. Y. Misc. 475. . . . . Clearly, the bonds belonged in the first instance to the father [husband], and, since no sufficient evidence of a gift or other transfer has been produced, they should have been included in the inventory of his estate."

The stock belonged to the decedent when he placed the certificate in the safe deposit box. Although he had endorsed it in blank, the delivery necessary to effect a change of ownership is missing. In Reppert's Estate, 31 Berks Co. L. J. 295, the question was one of delivery. There the widow claimed a gift inter vivos of some insurance policies which decedent had assigned to his wife in his lifetime. He had placed the executed assignments in a safe deposit box held in his name and that of his wife. The court held there was insufficient evidence to show actual or implied delivery, saying (p. 298) :

"It can not be found in the executed assignments, not delivered. It does not arise from the dual custody and control of the policies and assignments in their safe deposit box."

A safe deposit box is too often a hiding place for property not intended by the depositor to be reached by tax levies after his death. The inheritance tax authorities have a right to tax all property owned by decedent at his death no matter where found. Decedent could have endorsed the certificate to himself and his wife and then deposited the certificate in their safe deposit box. The creation of a tenancy by entireties could not then be doubted.

In the absence of proof of intention and of a sufficient delivery to create a tenancy by the entireties in the 35 shares of common stock of the Bethlehem Steel Corporation, our conclusion must be that ownership remained in decedent. The stock will be distributed

to Mathilda B. Pappert as legatee under the will of her husband and upon the payment of the Pennsylvania transfer inheritance taxes assessed on said stock.