STEINHAUSER, ADMX., v. REPKO ET AL.

(No. 75957-C—Decided May 2, 1969.)

Probate Court, Mahoning County.

*Mr. Lawrence J. Damore*, for plaintiff.
*Mr. Theodore R. Cubbison*, for defendants.

HENDERSON, J. This case involves the ownership of money in a safe deposit box leased to the decedent and another under a lease agreement purporting to give both parties to the agreement joint and survivorship rights in the contents.

The decedent, John Repko, died intestate, August 28, 1968. On September 22, 1958, he and his daughter-in-law

Mildred L. Repko, entered into an agreement of lease of a safe deposit box with the Lowellville Savings and Banking Company. Both the decedent and Mrs. Repko signed the printed lease form as "joint tenants with right of survivorship." No officer of the bank signed the agreement for the bank, although the printed lease form was furnished by the bank and the bank was referred to in the lease by name as lessor.

Paragraph three of the lease provides as follows:

"Lessor shall under no circumstances, except as provided in paragraph 9, be considered as bailee, howsoever in control or possession of the contents of the leased box; the relation of the lessor and lessee (s) under this agreement, being that solely of landlord and tenant."

Paragraph four of the lease provides in part as follows:

"In all cases of joint lessees, it is hereby declared that each of them has such interest in the entire contents of said box as to entitle him or her to the possession thereof, without liability to lessor for misappropriating same, and lessor is not bound to take notice of the contents of said box or of the death or insolvency of either of lessees.

Paragraph ten provides in part as follows:

"In case the lessees are joint tenants and have indicated below their signatures hereto that they are joint tenants with right of survivorship (but only in such cases, it being agreed that two or more lessees are tenants in common unless they have agreed to be joint tenants with right of survivorship by executing this lease as such joint tenants) it is hereby declared that all property of every kind at any time heretofore or hereafter placed in said box is the joint property of both lessees and upon the death of either, passes to the survivor subject to inheritance tax laws."

Upon decedent's death there were in the safe deposit box five savings bonds, each in the joint names of the decedent and one other than Mildred L. Repko, and $8620.00 in currency.

The husband of Mildred L. Repko testified that in

September 1958, the decedent brought to their home a large amount of currency in fruit jars which he had theretofore kept in his own home, said that he was going to put it in a safe deposit box and that he wanted Mildred L. Repko's name on the box. According to the witness, the decedent acknowledged that he understood that if Mrs. Repko's name were on the box she would have the right to use the money and that at his death the money would become hers. Mrs. Repko was given one of the two keys to the box furnished by the bank and the decedent kept one in his home. From the time of the leasing of the box until the death of the decedent only the latter entered the box, which he did on six occasions. The exact amount of currency deposited in the box when it was leased is not shown by the evidence, but it was conceded by the defendant that all of the money in the box was originally the decedent's.

The administratrix of the estate filed a petition for a declaratory judgment against Mildred L. Repko and the bank seeking a finding that the currency in the box belonged to the estate and not to Mildred L. Repko.

The defendant Mildred L. Repko claims the right to the currency by reason of the literal words of the lease giving her title to the contents of the box as survivor, in accordance with the decedent's expressed intentions. No claim is made by her to the savings bonds in the box upon which her name did not appear. Plaintiff, the administratrix, on the other hand, claims that the currency is properly a part of the assets of the estate because there was no gift from the decedent to Mildred L. Repko, because the relationship between the bank and decedent and Mildred L. Repko was that of bailor and bailee, and because there was no debtor-creditor relationship between the bank and the other two parties to the contract.

The law is well settled in Ohio that while joint tenancies are not recognized, survivorship rights in personalty, including bank savings accounts, may be established by contract. *In re Estate of Hutchison* (1929), 120 Ohio St. 542; *Sage* v. *Flueck* (1937), 132 Ohio St. 377. It is also well established in Ohio that the right of survivorship

pertaining to a joint and survivorship savings account is based upon contract rather than upon gift. *Cleveland Trust Company* v. *Scobie* (1926), 114 Ohio St. 241. The form of the contract of deposit, however, is not conclusive, and the true intent of the parties may be shown. *Fecteau* v. *Cleveland Trust Company* (1960), 171 Ohio St. 121; *In re Estate of Svab* (1967), 11 Ohio St. 2d 182.

There appear to be, however, no reported decisions in Ohio upon the question of the establishment of rights of survivorship in the contents of a safe deposit box by the language of the contract of lease of the box purporting to do this. The decision most nearly in point, and the one relied upon most heavily by plaintiff, is that of *In re Estate of Copeland* (Athens Co. 1943), 74 Ohio App. 164. In this case the decedent placed currency in a safe deposit box in his own name and for which there was no formal written lease contract. A cashier did give decedent a receipt for the money reciting that it was to be placed in the box "subject to withdrawal by Gusta Norris," and volunteered to add to the name of the owner "Thomas Copeland" upon the bank's own boxholder records "or Gusta Norris or the survivor." In its opinion the court analyzes prior Ohio Supreme Court decisions beginning with *Cleveland Trust Company* v. *Scobie, supra,* and thereafter, and points out that in all these cases involving survivorship rights in savings accounts a debtor-creditor relationship was established by the deposit contract, which relationship is absent from the safe deposit box rental whether it be considered a lease or a bailment. The court's concluding paragraph appears to summarize the reasons for its holding:

"This case does not come within that class of cases wherein the survivor is permitted to take by reason of a contract of deposit. Here decedent placed his own money in his own safe-deposit box and arranged only that his niece should have the right to make withdrawals. This right terminated upon the death of Copeland. *Bender* v. *Cleveland Trust Co.*, 123 Ohio St. 588, 176 N. E. 452. Neither does the record divulge compliance with the procedure and require-

ments which the law says are essential to the completion of a, valid gift *inter vivos. Bolles* v. *Toledo Trust Company, Exr., supra."*

Although the court in the *Scobie case* does discuss the debtor-creditor relationship between the bank and the depositor, it would seem that such mention was made not so much to pronounce a necessary ingredient of survivorship by contract, but rather to demonstrate a barrier to survivorship by the gift theory in savings account cases. See 11 Western Reserve Law Review 511 at 513 (1960). The holding of the court that a bank account depositor cannot give his co-depositor survivorship rights by a gift in specie of the fund deposited because of the creation of the debtor-creditor relationship, does not mean that the debtor-creditor relationship must exist in order to create survivorship rights by contract. Accordingly, then, the absence of the debtor-creditor relationship in the safe deposit box rental arrangement should not preclude the creation by contract of survivorship rights in the contents of the box in favor of the box co-owner.

The weight of authority outside of Ohio appears to be that persons can by contract fasten survivorship benefits to effects kept in a safe deposit box by appropriate language in the rental contract. 14 A. L. R. 2d 982. Plaintiff has cited numerous authorities in support of her position. None of them, however, involves a safe deposit box lease containing language purporting to give the lessees joint and survivorship rights in the contents. In *Mercantile Safe Deposit Company* v. *Huntington* (1895), 35 N. Y. S. 390 *Pappert's Estate* (1942), 45 Pa. D. & C. 163, and *Richards* v. *Richards* (1948), 141 N. J. Eq. 579, 58 A. 2d 544, the box rental instruments contained no words of survivorship at all, the registrations being in the names of two persons with the word "or" between them. In the case of *In re Brown* (1914), 86 Misc. 187, 149 N. Y. S. 138, the box rental agreement recited that the box was held by the two parties "as joint tenants, the survivor or survivors to have access thereto in case of the death of either." The court construed the lease as doing nothing more than giving the parties

48

joint ownership of, and joint access to the box. In the case of *In re Wohleber's Estate* (1935), 320 Pa. 83, 181 Atl. 479, the safe deposit box was rented in the names of two persons, "either or the survivor of them." The court held that since the bonds belonged to one of the parties, and since no evidence of a gift or other transaction had been produced, the bonds contained in the box belonged to the estate. The court held that a joint lease of a safe deposit box is not in itself sufficient to establish joint ownership of securities found therein which originally belonged to one of the lessees alone. In the case of *Millman* v. *Streeter* (1941), 66 R. I. 341, 19 A. 2d 254, the rental agreement contained the following language: "We agree to hire and hold safe No. 7179 * * * as joint tenants, the survivor or survivors to have exclusive access thereto for any purpose including the right to remove the contents in case of the death of either * * *." The court held that currency in the box belonged to the estate of the deceased owner and not to the survivor since the bank had no title or interest in or possession of the money which it could have transferred to the tenants at the time of the execution of the lease. The court found there was no *inter vivos* gift and that the form of the agreement did not conclusively establish a joint tenancy as to the contents of the box. In the case of *In re Wilson's Estate* (1949), 404 Ill. 207, 88 N. E. 2d 662, a husband and wife rented two safe deposit boxes signing a printed lease card on which was stamped "as joint tenants with right of survivorship and not as tenants in common." The court held that the language of the rental agreement did not pass to the survivor title to the contents of the box. The court construed an Illinois statute abolishing the survivorship feature of joint tenancy unless clearly expressed in writing and held that the writing must describe the personalty meant to be the subject of survivorship and that the lease agreement was merely the lease of an empty box. The court stated "there is no principle of which we are aware which permits the transfer of undefined amounts of money varying from time to time, by the mere designating of one party to the contract of renting as 'joint tenant with right of survivorship.'"

Although not cited by plaintiff, in the case of *Clevid-ence* v. *Mercantile Home Bank* (1947), 355 Mo. 904, 199 S. W. 2d 1, the court denied survivorship rights in certain bonds purchased by the decedent and left in a strong box leased by him and another by an instrument containing language similar to that in the instant case. The court said that there would have to be evidence that the decedent intended to, or did create a present joint ownership of the bonds by depositing them in the box.

There are, on the other hand, ample authorities upholding the effectiveness of survivorship language in safe deposit rental contracts. In *Black* v. *Black* (1940), 199 Ark. 609, 135 S. W. 2d 837, the lease contained language similar to that in the case at bar. Although the court denied the right of survivorship to the contents of the box it did so because the decedent had expressed a contrary intent. The court held that even if the lease involved raised a presumption that the currency deposited in the box became joint and survivorship property, such presumption was refuted by evidence of a contrary intention. In the case of *In re Gaines' Estate* (1940), 15 Cal. 2d 255, 100 Pac. 2d 1055, the court upheld survivorship rights in the contents of a safe deposit box upon the basis of a joint and survivorship signature card. Likewise in *Young* v. *Young* (1932), 126 Cal. App. 306, 14 Pac. 2d 580, and *In re Watkins Estate* (Cal. 1940), 104 P. 2d 389, the courts held that language in a safe deposit box rental agreement similar to that in this case was binding upon the parties and created survivorship rights as to the contents. In the case of *In re Raggi's Estate* (1939), 171 Misc. 836, 13 N. Y. S. 2d 691, the court held that language in the rental agreement similar to that in the present case created a right of survivorship as to the contents of the box especially when the evidence confirmed such intention on the part of the decedent. The court distinguishes the case from that of *In re Brown*, *supra*, in that in the latter case "the right of access only was given."

In the instant case it is clear there was no gift *inter vivos* of the currency because the decedent did not relinquish ownership, dominion or control over it. He retained

a key and only he entered the box while he lived. *Bolles* v. *Toledo Trust Company* (1936), 132 Ohio St. 21. But this should not defeat the possibility of survivorship rights by contract any more in the case of safe deposit box contents than in the case of a savings account. The courts of Ohio seem divided as to whether a safe deposit box rental is a bailment, or, as the lease in this case itself provided, a landlord-tenant relationship. 7 Ohio Jurisprudence 2d Banks, Section 116, p. 250. But here it seems immaterial into which of the two categories the contract may be said to fall, the important circumstance being that the contract clearly spells out the survivorship intention.

A perusal of the bank's printed lease leads to the conclusion that the form was devised primarily for the bank's own protection. But, again, this would not appear to preclude the formation of an operative and valid contract as between the box owners anymore than as between joint depositors upon a savings account. *Sage* v. *Flueck* (1937), 132 Ohio St. 377. Especially because the bank's own printed form was used, however, the box owners should be as free to show their true intentions in entering into the box rental agreement as co-depositors are in connection with joint and survivorship savings accounts agreements. But the only extraneous evidence of the decedent's intention introduced in this case, as indicated above, confirmed the provisions of the written contract, and was to the effect that the decedent wanted Mrs. Repko to have access to the box and its contents during his lifetime and title to the money at his death.

There appearing to be no decision to the contrary in Ohio upon similar facts, this court is persuaded to follow the weight of the authorities elsewhere and uphold the effectiveness of the safe deposit box rental agreement to vest title to the money contents in the co-owner, Mildred L. Repko.

*Judgment for defendants.*